COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-200-CR
 
  
JENNIFER 
CELESTINE MARTINEZ                                            APPELLANT
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM 
THE 213TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
I. Introduction
        Appellant 
Jennifer Celestine Martinez pleaded guilty to recklessly causing serious bodily 
injury to a child, her eight-month-old son Timothy, by putting him in hot water, 
and pleaded true to the allegation that she used a deadly weapon, to wit: hot 
water. A jury assessed Martinez’s punishment at five years’ confinement, and 
the trial court sentenced her accordingly. In a single point on appeal Martinez 
claims that the trial court erred by admitting photographs of her son’s burns 
into evidence at the trial on punishment because any probative value of the 
photographs was substantially outweighed by their prejudicial effect. We will 
affirm.
II. Factual and 
Procedural Background
        On 
December 20, 2001, as Martinez bathed her two children, Timothy suffered severe 
third degree burns over 28% of his body. Martinez claimed that her two-year-old 
son was in the bathtub and Timothy was in the bathroom sink. She said she left 
the water in the sink trickling and went to retrieve soap and other items from 
another room. When she returned, her two-year-old son was up on the sink with 
his hand on the faucet, and hot water was pouring out full blast onto Timothy. 
Worried about Timothy, Martinez called her husband at work, leaving him several 
messages. She testified that she also called her brother and left a message, 
called the hospital and was told to bring Timothy in but to take her time, and 
went to a neighbor’s for help, but the neighbor was not home. Martinez’s 
husband eventually returned her call and, because the couple did not have 
insurance and because he had the family’s only car at work, told her he would 
evaluate Timothy’s situation when he came home from work. Martinez’s in-laws 
came over for a scheduled visit and, when they saw Timothy, called 911.
        Timothy’s 
doctor testified that Timothy’s burns were not caused by water splashed upon 
him or by being in a container filling with water. He said Timothy’s burns 
were consistent with being placed into hot water because the burns were uniform 
in depth and had very sharp edges. During the State’s direct examination of 
Timothy’s doctor at the trial on punishment, the trial court admitted six 
photographs of Timothy’s injuries. The first photograph showed Timothy’s 
whole body; Martinez did not object to the admission of that photograph. The 
five other photographs were close-up pictures of burns on Timothy’s abdomen, 
genitals, legs, and hand. Martinez objected to the admission of these 
photographs on the grounds that they were cumulative and that the probative 
value of the photographs was significantly outweighed by their prejudicial 
effect.
III. No Abuse 
of Discretion in Admission of Photographs
        Appellate 
courts give great discretion to trial courts in matters of relevancy, reversing 
only if the trial court acts outside “the zone of reasonable disagreement.” Montgomery 
v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh’g). A 
trial court’s ruling on admissibility should not be disturbed simply because 
an appellate judge might decide a question differently than the trial judge. Id. 
So long as the trial court’s decision to admit or exclude evidence falls in 
the zone within which reasonable minds may differ, appellate courts should 
refrain from disturbing the trial court’s decision on appeal. Id.; Osby 
v. State, 939 S.W.2d 787, 789 (Tex. App.—Fort Worth 1997, pet. ref’d).
        Martinez 
does not argue that the photographs are not relevant, but instead contends that 
under Rule 403 of the rules of evidence, their probative value is greatly 
outweighed by their prejudicial effect. Tex. 
R. Evid. 403. Evidence may be excluded if its probative value is 
substantially outweighed by the danger of unfair prejudice. Id.; Potter 
v. State, 74 S.W.3d 105, 112 (Tex. App.—Waco 2002, no pet.). A Rule 403 
analysis by the trial court should include, but is not limited to, the following 
considerations: (1) how probative is the evidence; (2) the potential of the 
evidence to impress the jury in some irrational, indelible way; (3) the time the 
proponent needs to develop the evidence; and (4) the proponent’s need for the 
evidence. Reese v. State, 33 S.W.3d 238, 240-41 (Tex. Crim. App. 2000).
        Concerning 
probativeness, photographs generally are admissible if verbal testimony of the 
matters depicted in the photographs is also admissible as long as their 
probative value is not outweighed by any prejudicial effect. Potter, 74 
S.W.3d at 112 (citing Ramirez v. State, 815 S.W.2d 636, 647 (Tex. Crim. 
App. 1991)). In determining whether photographs will tend to encourage 
resolution of material issues on an improper emotional basis, the trial court 
should consider factors such as, but not limited to, the photos’ gruesomeness, 
their detail, their size (i.e., whether they have been enlarged), whether they 
are black and white or color, whether they are close-up, and whether the body is 
naked or clothed. Potter, 74 S.W.3d at 112; Reese, 33 S.W.3d at 
241. It is also relevant for the trial court to consider whether the body in the 
photograph had been altered since the crime in some way that might enhance the 
gruesomeness of the photograph to the defendant’s detriment. Potter, 74 
S.W.3d at 112.
        Here, 
Timothy’s doctor testified about his burn wounds, using the pictures as 
demonstrative aids. The pictures demonstrated that Timothy suffered third degree 
burns and showed a uniform burn line where the water went across his abdomen and 
genitalia, and across his thigh where his knee was bent out of the water. This 
testimony was probative because Martinez testified that she placed Timothy in 
warm water in the sink and her two-year-old son turned on the hot water, burning 
Timothy. Timothy’s doctor’s testimony and the close-up photographs rebut 
Martinez’s testimony and show that Timothy was placed into hot water, not 
splashed with hot water. In assessing punishment, the jury was entitled to 
determine and consider the circumstances surrounding the offense. Tex. Code Crim. Proc. Ann. art. 37.07, 
§ 3(a)(1) (Vernon Supp. 2004). Because Timothy’s doctor’s testimony 
describing Timothy’s burn wounds is admissible, the photographs are also 
admissible unless their probative value is outweighed by any prejudicial effect. 
See Ramirez, 815 S.W.2d at 647; Adams v. State, 685 S.W.2d 661, 
668 (Tex. Crim. App. 1985).
        We 
have reviewed the photos and conclude that the trial court acted within its 
discretion in determining that the probative value of the photographs was not 
greatly outweighed by their prejudicial effect. The photographs do not encourage 
the jury to resolve material issues on an improper emotional basis. Cf. 
Potter, 74 S.W.3d at 113 (holding photo of victim’s head, taken at morgue 
and showing injuries from attempted tracheotomy, unduly prejudicial); Reese, 
33 S.W.3d at 239 (holding photo of victim and her deceased unborn baby laying in 
coffin together unduly prejudicial). The photographs of Timothy’s wounds are 
not particularly gruesome, and his body had not been altered to enhance the 
gruesomeness to Martinez’s detriment. See Chamberlain v. State, 998 
S.W.2d 230, 237 (Tex. Crim. App. 1999) (holding photos, including close ups, of 
victim’s wounds “gruesome in that they depict disagreeable realities, but 
they depict nothing more than the reality of the brutal crime committed”), cert. 
denied, 528 U.S. 1082 (2000). The photos of Timothy’s burns simply do not 
have a high potential to impress the jury in some irrational, indelible way. The 
time needed to develop the evidence was very small because the photos were 
introduced into evidence during Timothy’s doctor’s testimony as 
demonstrative evidence, visually aiding the doctor’s verbal explanation of 
Timothy’s wounds. And, finally, the State needed the evidence because Martinez 
testified that Timothy was injured by splashing water, not by being placed in 
hot water. In short, we hold that the trial court acted within its discretion by 
admitting State’s exhibits 8 through 12. We overrule Martinez’s point.
IV. Conclusion
        Having 
overruled Martinez’s sole point, we affirm the trial court’s judgment.
 
  
                                                          SUE 
WALKER
                                                          JUSTICE
 
 
PANEL 
A:   WALKER, J.; WILLIAM BRIGHAM, J. (Senior 
Justice, Retired, Sitting by Assignment); and SAM J. DAY, J. (Retired, Sitting 
by Assignment).
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
June 10, 2004

 
NOTES
1.  
See Tex. R. App. P. 47.4.